Samuel James **MAYFIELD,**
**Jr., Plaintiff,**

v.

**CITY OF VIRGINIA BEACH, and Detective Neal Thompson, Defendants and Third–Party Plaintiffs,**

v.

**UNITED STATES of America,**
**Third–Party Defendant.**

**Civ. A. No. 2:91cv00763.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 23, 1992.

---

Joseph Albert Pennington, Connor, Pennington & Price, Norfolk, Va., for plaintiff.

Lawrence Steven Emmert, Office of City Atty., Virginia Beach, Va., for defendants and third-party plaintiffs.

Susan Lynn Watt, Asst. U.S. Atty., Norfolk, Va., for third-party defendant.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff seeks the return of his car, or the alternate value of $5,000, from defendants City of Virginia Beach and Detective Thompson. At the request of plaintiff's counsel, the General District Court for the City of Virginia Beach issued a warrant in detinue on August 20, 1990, seeking recovery of a 1985 AMC Station Wagon. Pursuant to motion by defendants, the General District Court granted leave for defendants to add the United States as a party. On October 8, 1991, defendants served the United States Attorney's Office for the Eastern District of Virginia with their Notice of Third–Party Motion for Judgment against the United States "for any and all such sums as may be awarded against them in the trial of this matter." The United States removed the action to this court on November 5, 1991.

This matter comes before the court on motions for summary judgment submitted by defendants, City of Virginia Beach and Detective Neal Thompson of the Virginia Beach Police Department (Police Department), and on a motion for dismissal or, in the alternative, summary judgment submitted by third-party defendant, United States, under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.[1] Plaintiff has filed no further pleadings or responses since beginning his action on August 20, 1990. For the reasons stated below, the court GRANTS summary judgment in favor of defendants and third-party defendant and, therefore, DISMISSES plaintiff's complaint with prejudice.

## I. FACTS

On July 13, 1990, the Police Department arrested and charged James L. Mayfield and another individual with possession of cocaine with intent to distribute,[2] at which time they seized a 1985 Jeep Cherokee.[3] Plaintiff is the registered owner of the car and is James Mayfield's brother.[4] On August 24, 1990, the United States, through the Drug Enforcement Administration (DEA), seized the car for forfeiture proceedings after finding probable cause to

---

1. Because the court has not excluded matters outside the pleadings presented by defendants and third-party defendant, the court decides this matter as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.Proc. 12(b)(6).

2. James Mayfield was later convicted for possession of cocaine with intent to distribute.

3. The description of the car in the warrant in detinue and the pleadings before the court is inconsistent. The warrant in detinue describes the car as a 1985 AMC Station Wagon, vehicle identification number IJCUB7810FT036293.

The pleadings, however, describe the car as a 1985 Jeep Cherokee, vehicle identification number JCUB7810FT036293. The description in the pleadings conforms to the car seized by the Police Department and the United States and that is now in the custody of the Police Department. Although these descriptions differ slightly, the parties apparently consider the various descriptions to apply to a single car.

4. Apparently, after James Mayfield was arrested, he stated that the car was registered in his brother's (plaintiff's) name, though he alone used, maintained, and kept the car.

believe that the car was used to facilitate a violation of title 21 of the Untied States Code.

Following statutory notice requirements, the DEA sent Notices of Seizure by certified mail on October 9, 1990, to plaintiff and James Mayfield. On October 15, 1990, plaintiff signed the return postal receipt acknowledging delivery of the Notice, as did James Mayfield on October 23, 1990. Each Notice of Seizure provided the procedures and time limits within which an interested party could petition for remission or mitigation of the forfeiture, file a claim contesting the forfeiture of the seized property in United States district court, or petition for expedited release of the property. The DEA also published notice of the seizure in *USA Today* for three successive weeks, beginning October 17, 1990. This notice further advised interested parties of relief procedures available to them, if they took action by November 6, 1990. Having received no petition or claim for relief against the forfeiture of the seized car before expiration of the filing deadline, the DEA administratively forfeited the car to the United States on November 26, 1990.[5]

## II. DISCUSSION

The court may grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure if, viewing the facts in the light most favorable to the nonmoving party, the record contains no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). To avoid entry of summary judgment, the nonmoving party must introduce evidence beyond the mere pleadings to create an issue of material fact on "an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Plaintiff has failed to present any evidence, and the court finds no issues of material fact. The only issue is whether the uncontested facts entitle defendant and third-party defendant to judgment as a matter of law. Finding no legal defect in the DEA's forfeiture procedure and no equitable reason that justifies plaintiff's recovery of the car, the court concludes that defendants and third-party defendant are entitled to summary judgment against plaintiff.

■ The DEA fully complied with the statutory forfeiture procedure. Property seized for violations of 21 U.S.C. §§ 801–904 is subject to the seizure and forfeiture provisions of the customs laws. 21 U.S.C. § 881(d) (Supp.1991).[6] These provisions permit the government to summarily forfeit seized property in certain situations. *See* 19 U.S.C. §§ 1607–1609 (Supp.1991). The value of the property cannot exceed $500,000, and the government must give all persons with an apparent interest in the property notice of the seizure and intention to forfeit and sell the property. *Id.* § 1607. The warrant in detinue values the car that plaintiff seeks to recover at $5,000, and the DEA provided plaintiff personal notice of the seizure and forfeiture proceedings. *See supra* at 1084.

A potential claimant, however, can prevent summary forfeiture and invoke a judicial hearing merely by filing a claim and a cost bond with the seizing agency. A person claiming an interest in property that the government intends to forfeit can file a claim stating the interest within twenty days. 19 U.S.C. § 1608. Upon posting of a bond, the agency must transmit the claim and bond to the United States Attorney for the filing of judicial proceedings to forfeit the property. *Id.* If the interested party files no claim or bond within twenty days of notice, the agency shall declare the prop-

---

5. Although the car was forfeited to the United States, the United States does not possess it. Rather, the Police Department possesses the car, pursuant to the United States' grant of the Police Department's equitable sharing request.

6. The Tariff Act of 1930, 19 U.S.C. §§ 1202–1677g (1980 & Supp.1991), contains the "custom laws," and the provisions codified at 19 U.S.C. §§ 1600–1619 (1991) apply to seizures.

erty forfeited. *Id.* § 1609(a); 21 C.F.R. § 1316.77(a) (1991) ("For property seized by officers of the Drug Enforcement Administration, if the appraised value does not exceed the jurisdictional limits ... and a claim and bond are not filed within the 20 days hereinbefore mentioned, the DEA ... shall declare the property forfeited."). Forfeiture under this section has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). Plaintiff, after receiving actual notice, never made any response to the DEA's notice of the forfeiture proceedings. The DEA, therefore, lawfully forfeited the property to the United States on November 20, 1990.

In a case in which the Internal Revenue Service seized and forfeited a car in connection with the illegal manufacture of alcohol after statutory notice and no challenges by interested parties, the Fourth Circuit stated:

> This method of proceeding against seized property ... was an exclusive method and Congress undoubtedly had the right to make this provision.
>
> The proceedings had were regular and the plaintiffs had personal notice of them. They chose to stand idle and allow the forfeiture to be prosecuted to a conclusion without availing themselves of the remedies provided by the statute.
>
> ....
>
> ... [P]laintiffs cannot ignore the plain remedy provided by congress and then invoke the act of a court of equity.

*Milkint v. Morgenthau,* 92 F.2d 266, 267 (4th Cir.1937) (citation omitted); *see also United States v. Walker (In re One 1985 Nissan),* 889 F.2d 1317, 1322 (4th Cir.1989) (upholding administrative forfeiture of one car after owner inadvertently failed to file claim until eight days after the deadline for filing notice had expired, even after owner complied with statutory remedies to contest forfeiture of four other cars in same case).

■ Not only has plaintiff ignored the federal statutory remedies for forfeiture, he has done nothing to prosecute this ac-

tion, which he initiated in state court on August 20, 1990, weeks before the DEA initiated the forfeiture proceeding. Therefore, although he has not asserted this argument, plaintiff cannot legally or equitably rely on the mere prior filing of a claim in state court to excuse or justify his failure to comply with the federal statutory scheme provided by Congress. *Cf. United States v. One Dairy Farm,* 918 F.2d 310, 312 (1st Cir.1990) (affirming judicial forfeiture of property after owner ignored filing deadlines, finding "no mitigating factors which would warrant relieving [owners] of the consequences of their own inaction"); *In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988) (in affirming administrative forfeiture of cash after owner ignored statutory remedies and instead relied on a motion for return of property pursuant to Rule 41(e) of the criminal rules, court held: "[Owner] cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place."); *United States v. United States Currency,* 754 F.2d 208, 215 (7th Cir.1985) (affirming judicial forfeiture of cash after owner failed to file a claim in district court due to his mistaken belief that his prior DEA claim was sufficient).

In summary, plaintiff has no basis upon which to pursue this action for the return of his car, or its value. After receiving actual notice of the DEA forfeiture proceeding, plaintiff made no response. Moreover, he has taken no action to prosecute his state claim, either prior to or after receiving notice of the federal forfeiture proceeding. The car was legally forfeited to the United States on November 20, 1991. Accordingly, the court GRANTS defendants' and third-party defendant's motions for summary judgment and DISMISSES plaintiff's action with prejudice.

It is so ORDERED.