[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13030
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81162-RLR

ROBERT ALLEN TRIBBLE, JR.,

Plaintiff-Appellant,

versus

STEPHANIE TEW,
State-Wide Assistant State Attorney, (individually and professionally),
ERIC M. JESTER,
Florida Department of Law Enforcement (FDLE) (individually and professionally),
DEPUTY ADAM FOX,
Palm Beach County (PBCSO) (individually and professionally),
DEPUTY BRAD RIGHTLER,
Palm Beach County (PBCSO) (individually and professionally),
NELSON SCHEERER, JR.,
F.D.I.E. Informant (individually and as informant for Eric M. Jester), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(June 24, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Robert Tribble, proceeding *pro se*, appeals the district court's order applying *Younger*[1] abstention doctrine to dismiss Tribble's 18 U.S.C. § 2520 and 42 U.S.C. § 1983 claims against a Florida state prosecutor, state and county law enforcement officers, and several alleged informants.  Tribble contends that his claims in this action are not related to his pending Florida criminal case, that a stay of this action would be more appropriate, that the criminal proceedings will not provide an adequate alternative forum for his federal damages claims, and that he will be irreparably harmed by dismissal because the limitations periods on his claims have lapsed.  After review,[2] we reverse and remand with instructions to stay this action pending resolution of Tribble's pending state criminal proceedings.

Tribble challenges the conduct of prosecutors, investigators, and witnesses in his state criminal case.  He seeks relief including an injunction prohibiting the defendants from using or publishing certain statements and the return of all property removed by any defendant, both remedies that would affect evidence in his state criminal case.  Under these circumstances, the district court correctly

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

[2] We review for abuse of discretion a district court's decision to abstain.  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).  A district court may properly abstain if: (1) there are ongoing state proceedings, (2) the proceedings implicate an important state interest, and (3) the state proceedings provide an adequate opportunity for a party to raise constitutional challenges.  *Id*.

determined that this action would at a minimum indirectly interfere with Tribble's state criminal proceeding. *See 31 Foster Children*, 329 F.3d at 1276.

The district court did not err by abstaining where Tribble brought this action before the State of Florida charged him by information. *See Hicks v. Miranda*, 422 U.S. 332, 349, 95 S. Ct. 2281, 2292 (1975) ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force."). The district court also did not err by abstaining in deference to a state criminal case in which damages are unavailable. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (*per curiam*) (reversing dismissal of a § 1983 action, but ordering the district court to abstain from resolving the merits of the plaintiff's claims until the state appellate court ruled on his state conviction).

Although abstention was appropriate, the district court erred in dismissing Tribble's claims rather than staying this action. *See Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S. Ct. 523, 525 (1988) ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."). Tribble seeks money damages, which are unavailable in his state criminal proceeding, and Tribble correctly notes that his right to seek relief at a later date may be frustrated by the applicable statutes of limitation. *See*

18 U.S.C. § 2520(e) ("A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985.").  We therefore reverse and remand to the district court with instructions to stay this action pending resolution of Tribble's pending state criminal proceedings.

**REVERSED and REMANDED.**