[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11674
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81162-RLR

ROBERT TRIBBLE, JR.,

Plaintiff-Appellant,

versus

STEPHANIE TEW,
State-Wide Assistant State Attorney, (Individually & Professionally),
ERIC M. JESTER,
Florida Department of Law Enforcement (FDLE) (Individually & Professionally),
DEPUTY ADAM FOX,
Palm Beach County (PBCSO) (Individually & Professionally),
DEPUTY BRAD RIGHTLER,
Palm Beach County (PBCSO) (Individually & Professionally),
NELSON SCHEERER, JR.,
F.D.L.E Informant (Individually & as Informant for Eric M. Jester),
DEBORAH SCHEERER,
F.D.LE. Informant (Individually & as Informant for Eric M. Jester),
JUPITER RANDOLPH 18 LLC,
F.D.L.E Informant (by and through Abe & James Saada as Informants),
ABE SAADA,
F.D.L.E. Informant (Individually & as Informant for Eric M. Jester),
JAMES SAADA,

F.D.L.E. Informant James "Jimmy" Saada (Individually & as Informant for Eric M. Jester),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2019)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Robert Tribble appeals pro se from the district court's order temporarily lifting the stay of his lawsuit[1] for the limited purpose of discharging lis pendens filed by Tribble in connection with the case.[2]  He contends the district court erred both by lifting the stay and by discharging the lis pendens.  Appellees, in turn, move to dismiss the appeal for lack of jurisdiction, contending the district court's order is not appealable.  After review, we conclude we have jurisdiction, and we affirm.

---

[1] Tribble's lawsuit was stayed pending the outcome of criminal proceedings brought against him by the State of Florida.  *See* USDC Doc. 67; *see also Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016).

[2] Tribble also moves to strike portions of Appellees' briefs and the supplemental appendix submitted by Appellees Jupiter Randolph 18, LLC, Abe Saada, and James Saada.  That motion is denied.

## I.  DISCUSSION

### A.  *Jurisdiction*[3]

Appellees contend the district court's order is not appealable because it is not: (1) a final judgment pursuant to 28 U.S.C. § 1291; (2) an order either granting, continuing, modifying, refusing, or dissolving an injunction pursuant to 28 U.S.C. § 1292(a)(1); or (3) an otherwise appealable order under the collateral-order doctrine.  We are bound, however, by our precedent holding that orders dissolving lis pendens "should be treated in the same manner as a denial, dissolution, or modification of an injunction, all of which are appealable."  *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972) (citing Fla. Stat. § 48.23(3)).[4]

Appellees contend *Beefy King* should not control our analysis because subsequent opinions of the Florida Supreme Court have undermined *Beefy King*'s reasoning by drawing distinctions between lis pendens and injunctions.  But determining how a district court's order should be treated for purposes of federal appellate jurisdiction is a matter controlled by federal law.  Thus, unless or until

---

[3] We review sua sponte and de novo the existence of our own appellate jurisdiction. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

*Beefy King* is overruled by either the Supreme Court or this Court sitting en banc, we are bound by its holding that an order dissolving a lis pendens is an appealable order. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation omitted)). We therefore deny Appellees' motion to dismiss Tribble's appeal.

### B. Lifting the Stay and Discharging the Lis Pendens[5]

Tribble contends the district court abused its discretion by lifting the stay and discharging the lis pendens he filed against Appellees. As an initial matter, Tribble's statement of the issues suggests in passing that the district court's order violated our previous mandate that his action be stayed pending resolution of his criminal proceedings. Yet Tribble's brief provides no authorities or legal argument supporting his view of the district court's discretion following our previous mandate. We therefore conclude this issue has been abandoned.[6] *See Sapuppo v.*

---

[5] We review for abuse of discretion a district court's order concerning a stay of its proceedings pending the resolution of related proceedings. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 & n.2 (11th Cir. 2000). We likewise review for abuse of discretion a district court's order dissolving a lis pendens. *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972).

[6] We note that Tribble filed the lis pendens at issue in the district court after our previous mandate issued and the stay was imposed. We further note that Tribble did not seek leave to file the lis pendens or permission to lift the stay. It is incongruous for Tribble to suggest he could continue to file documents in the stayed case, particularly documents affecting the legal rights of

4

*Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (2003) ("[Plaintiff] makes a passing reference to the district court's dismissal of this claim but fails to argue on the merits as to this issue.  Accordingly, the issue is deemed waived.").

Tribble next contends the district court "erred in requiring [him] to respond to appellees' motion to lift mandated Stay, thereby forcing him to forfeit his privilege against self-incrimination."  Br. of Appellant at 7.  We have held that the right to avoid self-incrimination under the Fifth Amendment is violated "when a person, who is a defendant in both a civil and criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment."  *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991) (emphasis added).  We have explained, however, that the rule applies only where invoking the privilege would "*compel* an adverse judgment against the claimant."  *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (emphasis added).  Thus, it does not apply where invoking the privilege would result "merely [in] the loss of [the claimant's] most

---

other parties, without the district court having any authority to issue orders concerning those documents.

5

effective defense." *Premises Located at Route 13*, 946 F.2d at 756 (quotation omitted). Moreover, "[a] party who asserts the privilege may not convert it from the shield against compulsory self-incrimination which it was intended to be into a sword whereby he would be freed from adducing proof in support of a burden which would otherwise have been his." *Arango v. U.S. Dep't of Treasury*, 115 F.3d 922, 926 (11th Cir. 1997) (quotation and alterations omitted).

Here, the district court did not violate Tribble's rights under the Fifth Amendment. Putting aside the fact that Tribble responded voluntarily to Appellees' motion to temporarily lift the stay, Tribble has not demonstrated that invoking the privilege against self-incrimination would have compelled an adverse judgment against him. Moreover, as the proponent of the lis pendens he filed, Tribble had the burden of proving their validity. *See Chiusolo v. Kennedy*, 614 So. 2d 491, 492 & n.2 (Fla. 1993) (holding that the proponent of a lis pendens has the burden of proving a sufficient "nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit"). Tribble cannot use the Fifth Amendment both as a shield against self-incrimination and as a sword allowing him to indefinitely encumber the other parties' property rights without meeting his burden of proof. *See Arango*, 115 F.3d at 926.

Finally, Tribble contends the district court erred by "relying entirely on the unsworn and unverified false statements of counsel." Br. of Appellant at 2. This

argument is meritless.  It is clear from the district court's order that it did not base its decision on counsel's unsworn statements.   Rather, it relied on its review of the applicable law, Tribble's complaint, its own records, and public records of which it took judicial notice.  To the extent Tribble contends the district court erroneously gave preclusive effect to the state court's judgment in *Jupiter Randolph 18, LLC v. T I Limited*, No. 50-2014-CA-000381-XXXXMB (Fla. 15th JCC 2015), he provides neither a coherent argument nor authorities in support.  The district court did not abuse its discretion by discharging the lis pendens based on its determination that Tribble failed to meet his burden under Florida law.

## II.  CONCLUSION

Based on binding precedent, we have jurisdiction over Tribble's appeal.  We conclude the district court did not abuse its discretion by temporarily lifting the stay and discharging Tribble's lis pendens.

**AFFIRMED; MOTIONS DENIED.**