**In re David L. HARDY, Florence Hardy f/k/a Florence Banks, Debtors.**

**Bankruptcy No. 82–02025G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 8, 1984.

Jack K. Miller, Mitchell W. Miller, The Bankruptcy Clinic, Inc., Philadelphia, Pa., for debtors, David L. Hardy, Florence Hardy f/k/a Florence Banks.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., Patricia A. Scott-Clayton, S. Martin Teel, Jr., Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C. for Internal Revenue Service.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question in the controversy at bench is whether the Internal Revenue Service ("the IRS") should be held in civil contempt for allegedly violating the automatic stay of the Bankruptcy Code ("the Code") by sending the debtors a notice of tax deficiency and various other documents. For the reasons expressed below we will not hold the IRS in contempt.

The facts of this case are as follows:[1] The debtors filed a petition for the adjustment of their debts under chapter 13 of the Code on May 4, 1982. At the first meeting of creditors the debtors filed a priority proof of claim on behalf of the IRS in the amount of $385.00. The debtors' plan was confirmed by us on July 27, 1982. The IRS received no notice of the creditors' meeting, the filing of the proof of claim or the confirmation of the plan.

Finding that the debtors had erred in calculating their federal income tax for 1979, the IRS mailed a notice of tax deficiency, Form 5601,[2] on April 8, 1983. Prior to the transmission of this notice the IRS also sent to the debtors Form letters 915(DO)[3] and 907(DO)[4] on January 28, 1983, and February 14, 1983, respectively. Accompanying these letters were Publication 5[5] and Forms 1902–B,[6] 3547,[7] and 872.[8]

Immediately on the filing of a petition for relief under the Code an automatic stay arises which generally bars all debt collection efforts against the debtor or the property of the bankruptcy estate. 11 U.S.C. § 362(a); *Provident Mutual Life Insurance Co. v. Winslow Center Assoc. (In Re Winslow Center Assoc.)*, 32 B.R. 685, 686 (Bkrtcy.E.D.Pa.1983). In part, § 362(b) provides that the filing of a petition does not stay "the issuance to the debtor by a governmental unit of a notice of tax deficiency." § 362(b)(8).

The debtors correctly assert that an action for civil contempt is the proper vehicle for redressing transgressions against § 362(a). *See, e.g., Fidelity Mortgage Investors v. Camelia Builders, Inc.,*

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Form 5601 and the other forms and letters reviewed herein are identified by the designations given to them by the IRS.

3. Letter 915(DO) informed the debtors that the IRS believes that an adjustment should be made in their taxes. It indicated that the debtor could have agreed with the IRS or pursued objections to the determination. The letter also suggested that "[i]f additional tax is due, you may want to pay it now and limit the interest charge; otherwise we will bill you."

4. Letter 907(DO) was a request for consent to an extension of the statute of limitations for assessing additional tax.

5. Publication 5 informs a taxpayer of this right to appeal or otherwise protest the IRS's determination of tax liability.

6. Form 1902–B informed the debtors of the nature and amount of the tax error.

7. In form 3547 the IRS expressed the amount of the outstanding interest on the tax error and the rate at which it accrued.

8. With form 872 the debtors were requested to consent to an extension of time in which the IRS could assess the alleged tax error.

550 F.2d 47 (2d Cir.1976), *cert. den.* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540. Nonetheless, "a person cannot be held in contempt of an order about which the person had no knowledge." *Camelia,* 550 F.2d at 51. In order to prevail on an action for contempt the moving party must prove his case by clear and convincing evidence rather than by the usual standard of a preponderance of the evidence. *Schauffler v. Local 1291, International Longshoremen's Assoc.,* 292 F.2d 182 (3d Cir.1961); *Quinter v. Volkswagon of America,* 676 F.2d 969, 774 (3d Cir.1982). As the United States Court of Appeals for the Third Circuit stated in *Fox v. Capital Co.,* 96 F.2d 684, 686 (3d Cir.1938):

> The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by clear and convincing evidence, and where there is ground to doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt.

■ In the case at bench it is undisputed that the mailing of form 5601 on April 8, 1983, was the transmission of a notice of tax deficiency within the meaning of § 362(b)(8), and thus that form is not the subject of this contempt action. The parties are also in apparent agreement that the two letters sent to the debtor are prerequisites, under the IRS's procedures, to the issuance of Form 5601. The remaining forms, which were sent to the debtors, are apparently issued as a matter of course on the mailing of the two form letters. Thus, all the documents except Form 5601 were merely necessary precursors,—or items precedent to the issuance of the tax deficiency notice. As such these forms and letters fall within the umbra of § 362(b)(8) and do not constitute violations of § 362(a). Since there is "ground to doubt the wrongfulness of the conduct of the defendant, [it] should not be adjudged in contempt." *Fox,* 96 F.2d at 686. We will enter an order accordingly.