United States Court of Appeals,

Eleventh Circuit.

No. 95-2711.

Non-Argument Calendar.

Edil MARTINEZ, Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., Defendant-Appellee.

Feb. 2, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-991-CIV-ORL-22), Anne C. Conway, Judge.

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

The plaintiff, Edil Martinez, appeals the district court's order, which granted the Defendant American Airlines' motion to dismiss the plaintiff's Second Amended Complaint and entered judgment in favor of the defendant. The Second Amended Complaint alleged that the defendant breached its common law or contractual duty of care toward the plaintiff by failing to undertake reasonable efforts to return the plaintiff to his home in Florida when the plaintiff fell ill outside the country.

Errors of law in evaluating the dismissal of a complaint are subject to plenary review by this Court. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir.1992). In our review, we take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff. *Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir.1993). "A complaint may not be dismissed unless the plaintiff can prove no set of fact which would

entitle him to relief."  *Id.* (citing *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249, 109 S.Ct. 2893, 2905, 106 L.Ed.2d 195 (1989)).

Taking all of the plaintiff's allegations as true, we have the following facts:  The plaintiff purchased a round-trip ticket from the defendant to travel from Florida to Puerto Rico.  While in Puerto Rico, the plaintiff suffered from a medical emergency, which required the plaintiff to return to Florida immediately.  Unfortunately, the plaintiff did not have an immediate return reservation, and so he called the defendant to request that a seat be made available to him as soon as possible due to his medical emergency.  The defendant informed the plaintiff that it did not have a seat immediately available, and that furthermore the defendant did not have a policy for handling medical emergencies.  In any event, the defendant told the plaintiff that he would have to pay additional charges for early departure.  Although the plaintiff responded that he would pay the additional charges, the defendant told him that no seats would be open for several days.

The plaintiff then called a different office of the defendant and was told that "he could drive four and one half hours to San Juan and stand by for first class seating after paying an additional $400 charge."  However, the defendant also told him that no priority would be made for him, and that it was unlikely that he would be able to get a seat on that plane. Despite the possibility of a flight to Florida, the plaintiff decided not to make the trip to San Juan because of the additional health risks it posed.  The plaintiff attempted to obtain medical treatment in Puerto Rico, but

changed his mind when the hospital he visited appeared unclean. Several phone calls and five days later, the plaintiff was able to return to Florida.  However, by that time, gangrene had set into the plaintiff's leg, and the leg had to be amputated below the knee.

Even taking the above facts as true and construing them in the light most favorable to the plaintiff, the plaintiff has failed to state a claim upon which relief may be granted.  The plaintiff's primary argument is that the defendant's duty to the plaintiff was not limited to times when the plaintiff was on board the airplane, but instead extended "throughout the journey continuing until [the plaintiff] safely arrived at his final destination, back home in Florida."  In this regard, the plaintiff makes two arguments:  (1) that the defendant had a duty to reasonably, safely, and expeditiously return the plaintiff to Florida when the plaintiff fell ill;  and (2) that the defendant had a duty to transport the plaintiff to Florida without payment of an additional $240 for first class or $240 for coach class.  In support of that argument, the plaintiff points to *Carlisle v. Ulysses Line Ltd. S.A.,* 475 So.2d 248 (Fla. 3d. Dist.Ct.App.1985), which held that a cruise line could be held liable for failing to warn passengers about tourist areas on port that the cruise line knew to be dangerous.

On the contrary, the defendant contends that *Carlisle* supports the district court's grant of the defendant's motion to dismiss due to failure to state a cause of action, and we agree.  In *Carlisle,* the court stated:  "Our holding applies only to carriers that have a continuing obligation of care for their passengers, and does not

extend to a carrier engaged simply for point-to-point transportation." *Id.* at 251. The plaintiff fails to cite, and we are unaware of, any Florida case or statute that confers a legal duty on the defendant under these facts. Here, the defendant was engaged for point-to-point transportation, and did not have a continuing contractual or common law duty to the plaintiff for the period after the plaintiff's arrival in Puerto Rico and before his scheduled return to Florida that would entitle the plaintiff to relief under these facts. The motion to dismiss the plaintiff's Second Amended Complaint was proper, as the facts alleged by the plaintiff fail to state a claim that would entitle the plaintiff to relief.[1]

AFFIRMED.

---

[1] Because we affirm the district court on the ground that the plaintiff's Second Amended Complaint fails to state a claim, we do not need to address the alternative grounds that the defendant raises for affirmance.